IN RE PETITION OF JIUSEPPE MORACE AND FILIPPO GILENO TO FRAME ISSUE AS TO AMOUNT DUE ON JUDGMENT, AND TO FIX LIEN FOR WAGES.

*Petition to open Judgment—Parties—Wages of Employees—Preference Under Statute.*

1.   Petitioners for a rule to show cause why an issue should not be framed and tried to determine what amount, if any, remains due on a judgment to which they were not parties, they not being even judgment creditors of the defendant in the judgment, having only a claim for services against the defendant, do not possess sufficient interest to entitle them to the rule.

2.   Debts or claims for services rendered by musicians to a leader of a band who engaged with another to furnish music for a period, are not a first lien upon any balance due the leader by his employer, within the meaning and contemplation of the Act of Assembly, entitled "An Act to prefer wages of employees as in case of execution and assignment."

Del. cases cited: *Budd vs. Union Bank*, 1 *Houst.* 455; *Woolley on Del. Prac. Sec.* 843.

Del. statute: *Chapter* 147 *p.* 214, *Vol.* 16, *Laws of Delaware (Rev. Code* 1852, *amended in* 1893, *p.* 817).

(<em>November</em> 15, 1909.)

Judges BOYCE and HASTINGS sitting.

*Julian C. Walker* and *Levin Irving Handy* for petitioners.

*James Saulsbury* and *J. Frank Ball* for respondents.

Superior Court, New Castle County, November Term, 1909.

HASTINGS, J., delivering the opinion of the Court:

A rule was issued out of this Court, upon motion, based upon a petition and affidavit made by Jiuseppe Morace and Filippo Gileno, upon the plaintiffs in the following judgment, "to show cause why an issue may not be framed and allowed by this Court to be tried by a jury, in order that it may be properly determined what amount, if any, remains due and owing to the said plaintiffs on account of their said jugdment, and that the petitioners may have an opportunity to present and prove their prior rights in and lien upon the said fund for wages."

The judgment referred to is that of Michael Palese, which had been marked to the use of the Administrators of James Davis, deceased, *vs.* Ferdinando Gatti, being No. 10, May Term, 1905, for the real debt of three hundred dollars, with interest from June 27, 1905.

The petition filed, after alleging that certain payments have been made on account of said judgment, amounting in the aggregate to two hundred and forty dollars, sets forth that on September 13, 1909, a *fi fa* attachment was issued and laid in the hands of the General Manager and Paymaster of the Peoples Railway Company, who on September 20, 1909, being the first day of the September Term of Court, made answer to said attachment stating that the Peoples Railway Company was indebted to the defendant in the judgment in the sum of two hundred and seventy-five dollars, and that the balance due on the judgment, including interest and costs, amounted to one hundred and fifty-eight dollars and ninety-eight cents.

The petition further sets forth that the petitioners are

creditors of the defendant in the judgment to the amount of twenty-five dollars each for wages for work performed for said defendant during a period of less than one month, and therefore claim a prior right in and lien upon the said fund of two hundred and seventy-five dollars; that the said defendant is a non-resident and has no other property or funds; that the said petitioners on September 14, 1909, began foreign attachment proceedings against the said defendant upon their claim for wages before a Justice of the Peace and on the same day caused the said sum of two hundred and seventy-five dollars to be attached, and that such proceedings are now pending before said Justice of the Peace, and refers to the docket entries of this Court, and also that of the Justice of the Peace, and prays that they be taken as part of the petition.

It is admitted that the records show the existence in this Court of the judgment first above referred to and that the Justice of the Peace docket shows that the General Manager and Paymaster of the Peoples Railway Company answered the attachment issued by the Justice of the Peace, stating that he had two hundred and seventy-five dollars belonging to the said defendant subject to the attachment laid in his hands by the Sheriff on September 13, 1909, being the attachment first above mentioned, and his answer thereto. The petitioners then pray for a rule in the language above quoted.

Counsel for the petitioners stated in their argument that the defendant Gatti was the leader of a band and engaged with the Peoples Railway Company to furnish music during the summer season; that the petitioners were employed by him as musicians and they seek now by this proceeding to make the wages due them by Gatti a lien upon the balance due Gatti by the Peoples Railway Company.

The first question that arises with reference to this petition, is whether the petitioners, not being parties to the judgment and having no interest in it except a claim for wages against the defendant, have a sufficient interest to be entitled to an issue to be framed and tried by a jury.

We conclude that they have not.   While we are not pre-
pared to say that only parties to the judgment can obtain the
rule and have the issue granted, as is laid down in *Woolley on
Delaware Practice at Section* 843, and supported by the case of
*Budd vs. Union Bank*, 1 *Houston* 455, there cited, yet we are very
clear that the party obtaining the rule and asking for the issue
must at least be a judgment creditor of the defendant in the
judgment and not a mere claimant.

The counsel for the petitioners further contend that *Chapter*
147, *Volume* 16, *Laws of Delaware*, (*Rev. Code*, 1893, *p*. 817) being
"An Act to prefer wages of employees in case  of  execution  and
assignment," applies in this case and makes the claim of the peti-
tioners for wages preferred.   The language of said statute is as
follows:

"That from and after the passage of this act, all debts or
claims that may become due or growing due for labor or services
rendered by any mechanic, laborer, clerk or other employee of
any person or persons, chartered company or association employ-
ing laborers, clerks or mechanics in any manner whatsoever,
shall be a first lien on all the real and personal property of such
employer or employers, and shall be the first to be satisfied out of
the proceeds of the sale of such property, whether made by an
officer or an assignee of such employer or employers or otherwise:"
etc.

It is contended that the words "personal property" con-
tained in the clause "shall be a first lien on all the real and per-
sonal property of such employer," being broad enough to include
choses in action, should be so construed as to make it applicable
to a case of this kind.   It will be observed that the statute pro-
vides that the claim for wages "shall be the first to be satisfied out
of the proceeds of the sale of such property."   The statute
further provides how the claim shall be filed with the officer con-
ducting the sale, and how it shall be made a lien on real estate.
While a chose in action is personal property, generally speak-
ing, yet this statute seems to contemplate a sale and makes no
provision for making the lien effective on a fund like the one now

in question. Being satisfied that the parties have not sufficient interest to be entitled to the issue prayed for, it would indeed be difficult to determine how any such lien as contended for in this case could be enforced even if we admitted it to be a lien.

                For these reasons the rule is discharged.